(226 P.3d 563)
No. 101,916

MICHAEL BITNER and VIOLA BITNER, *Appellants*, v. WATCO COMPANIES, INC., WATCO TRANSPORTATION HOLDINGS, INC., and WATCO TRANSPORTATION SERVICES, INC., a/k/a WATCO SEK RAILROAD, *Appellees*.

Opinion filed March 26, 2010.

*Fred Spigarelli*, of Spigarelli, Spigarelli & Hayes, of Pittsburg, for appellants.

*Steve Stockard*, of Wilbert & Towner, P.A., of Pittsburg, for appellees.

Before STANDRIDGE, P.J., PIERRON, J., and BUKATY, S.J.

PIERRON, J.: Michael and Viola Bitner appeal the grant of the motion for summary judgment in favor of Watco Companies, Inc., *et al.* (Watco), in a property dispute case involving land previously used for railroad purposes.

This case centers on seven lots in Pittsburg, Kansas—lots 42 through 48 of Block One of Pittsburg Town Company's First Addition. In 1889, the Pittsburg Town Company gave some of its interests in lots 42 through 48 to the Nevada and Minden Railway Company. The parties disagree on whether these interests were right-of-way interests or fee simple absolute interests in the lots. Through consolidation of its parent company, Nevada and Minden Railway Company later became known as the Missouri Pacific Railway Company.

In April 1987, the Missouri Pacific Railway Company conveyed its interests in lots 42 through 48 to the Southeast Kansas Railroad Company. Again, the parties dispute whether these were right-of-way or fee simple interests. Southeast Kansas Railroad Company then merged into South Kansas and Oklahoma Railroad, Inc. South

Kansas and Oklahoma Railroad is a wholly owned subsidiary of Watco.

Bitner lives in Frontenac, which adjoins Pittsburg, and owns a business on a parcel of land in the south half of lots 42 through 48 in Pittsburg. In January 2008, Bitner brought suit against Watco, claiming that the railroad had abandoned its interests in lots 42 through 48 and, therefore, he has a reversionary interest in the land used for railroad tracks and/or railroad purposes.

Portions of the railroad tracks at issue have been removed from lots 42 through 48, but Watco denies that the railroad has abandoned the land. Bitner claims the railroad's interests have been abandoned because a football field and track have been built on the lots at issue.

No party to this case has filed for an abandonment order with the Surface Transportation Board (STB) of the United States Department of Transportation, and no such order has been issued. Watco filed a motion for summary judgment. The district court, applying federal law on railroad abandonment, granted the motion because an abandonment order had not been granted.

Older cases refer to the Interstate Commerce Commission. See *Chicago & N.W. Tr. Co. v. Kalo Brick & Tile Co.*, 450 U.S. 311, 319-23, 331-32, 67 L. Ed. 2d 258, 101 S. Ct. 1124 (1981). However, the name has since been changed to the STB. 49 U.S.C. § 701 (2006) *et seq.*; see *Barclay v. United States*, 351 F. Supp. 2d 1169, 1171 (D. Kan. 2004) (citing *Presault v. ICC*, 494 U.S. 1, 5-8, 108 L. Ed. 2d 1, 110 S. Ct. 914 [1990]); 49 U.S.C. § 10903 (2006) *et seq.*

Bitner claims that the district court erred in granting summary judgment because it (1) applied federal law instead of Kansas law in determining that Watco has not abandoned its interests in lots 42 through 48 and (2) did not rule on whether Watco has right-of-way or fee simple absolute interests in the land. Because resolution of the abandonment issue can control the outcome of this case, we will discuss abandonment and preemption first.

When the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law, summary judgment is appropriate. The district court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 32, 200 P.3d 419 (2009).

Where there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Central Natural Resources v. Davis Operating Co.*, 288 Kan. 234, 240, 201 P.3d 680 (2009). On the issue of abandonment, there is no factual dispute as to an order for abandonment. Both parties agree that no order for abandonment has been issued by the STB. Therefore, a de novo review is required on this issue.

The district court applied federal law in finding that Watco had not abandoned its interests in the lots because there was no abandonment order. See 49 U.S.C. § 10903. Preemption of state law is not favored by the courts "in the absence of persuasive reasons— either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakably so ordained." *Florida Avocado Growers v. Paul*, 373 U.S. 132, 142, 10 L. Ed. 2d 248, 83 S. Ct. 1210 (1963). However, under the Interstate Commerce Act, the STB has authority to "regulate various activities of interstate rail carriers, including their decisions to cease service on their branch lines." *Chicago & N.W. Tr. Co.*, 450 U.S. at 313. The Act is one of "the most pervasive and comprehensive federal regulatory schemes." 450 U.S. at 318. "The exclusive and plenary nature of the Commission's authority to rule on carriers' decisions to abandon lines is critical to the congressional scheme, which contemplates comprehensive administrative regulation of interstate commerce." 450 U.S. at 321. Therefore, "state efforts to regulate commerce must fall when they conflict with or interfere with federal authority" on railroad abandonment. 450 U.S. at 319.

The first step, then, is to determine if the Kansas laws on railroad abandonment conflict or interfere with the federal regulatory

scheme. See 450 U.S. at 319. The Kansas and federal laws on abandonment are not inconsistent: Cessation of service or long disuse of the line, coupled with the intention not to resume such service or use constitutes abandonment. See 450 U.S. at 318-23. The Kansas law lays out the same basic test for abandonment: " '[B]oth intent to abandon and action to carry out that intent must combine.' " *Miller v. St. Louis, Southwestern Ry. Co.*, 239 Kan. 198, 201, 718 P.2d 610 (1986). Further, both Kansas and federal law require that an order of abandonment be issued before a railroad right-of-way can be abandoned. Under K.S.A. 2009 Supp. 66-525(a)(1), a railroad right-of-way will not be considered abandoned unless an abandonment order has been issued by the appropriate federal or state authority. The federal law provides:

"A rail carrier providing transportation subject to the jurisdiction of the [STB] under this part who intends to . . . abandon any part of its railroad lines . . . must file an application relating thereto with the [STB]. An abandonment or discontinuance may be carried out only as authorized under this chapter." 49 U.S.C. § 10903(a)(1)(A) (2006).

Bitner relies on two Kansas cases to give the Kansas law on abandonment: *Miller*, 239 Kan. 198; and *Martell v. Stewart*, 6 Kan. App. 2d 387, 628 P.2d 1069 (1986). Neither of these cases requires that an abandonment order be issued before a railroad's right-of-way interests will be deemed abandoned. However, both of these cases were decided before the 1986 enactment of K.S.A. 66-525, which added the abandonment order requirement, became effective. See L. 1986, ch. 247, sec. 1; K.S.A. 2009 Supp. 66-525(a)(1). Therefore, as Watco points out, these cases have been superseded by the statute, and Bitner's analysis of Kansas law is incomplete.

Kansas law is, therefore, not in conflict with the federal law on a railroad's right-of-way abandonment. Because there is no conflict between the state and federal law, the district court erred in applying federal law to this case. See *Chicago & N.W. Tr. Co.*, 450 U.S. at 319. However, the result is the same regardless of which law is applied. State and federal law both require that an abandonment order be issued before a court can rule on abandonment. If a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong grounds or assigned erro-

neous reasons for its decision. *Robbins v. City of Wichita*, 285 Kan. 455, 472, 172 P.3d 1187 (2007). Therefore, summary judgment was appropriate even though the district court applied the wrong law. The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact because no party ever filed for an abandonment order, which is a prerequisite for a finding of abandonment.

The proper recourse for Bitner is to seek an abandonment order from the STB. The United States Supreme Court has said: "There is no requirement . . . that the [abandonment] application be made by the carrier whose operations are sought to be abandoned. It has been recognized that persons other than carriers 'who have a proper interest in the subject matter' may take the initiative. [Citation omitted.]" *Thompson v. Texas Mexican R. Co.*, 328 U.S. 134, 145, 90 L. Ed. 1132, 66 S. Ct. 937 (1946); see also *Louisiana & Arkansas Ry. Co. v. Bickham*, 602 F. Supp. 383, 384-85 (M.D. La. 1985) (under 49 U.S.C. § 10903, landowner should have filed for an abandonment order before destroying railroad tracks).

Bitner also argues that Watco does not own the land in fee simple, but only has right-of-way interests over the lots. The district court declined to rule on this issue, noting that there may be some ambiguity regarding Watco's interests in the lots. But because summary disposition was proper based on the lack of an abandonment order, we need not address this issue. No matter what interests Watco has, those interests have not been abandoned.

Further, even if Bitner is correct in his argument that Watco only has right-of-way interests over the lots, his argument fails based on a simple examination of the statutory language. Under K.S.A. 2009 Supp. 66-525(a)(1), "a railroad *right-of-way* shall be considered abandoned . . . following the issuance of an abandonment order." (Emphasis added.) Again, the result is the same. Since there has been no order of abandonment entered, Watco has not lost its right-of-way interests, whatever they are.

Affirmed.